UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED L. WILLIAMS, II, on behalf of
he and all others similarly situated,

      Plaintiff,

v.                                                  Case No.  8:07-cv-977-T-24-MSS

HERITAGE OPERATING, L.P. d/b/a
HERITAGE PROPANE, a Delaware Limited
Partnership, as successor in interest to
PEOPLES GAS COMPANY,

      Defendant.
_____/

**ORDER**

      This cause comes before the Court on its own.  On June 7, 2007, Defendant filed a Notice of Removal to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1453 and 28 U.S.C. § 1332(d)(2).  (Doc. No. 1.)  Defendant asserts that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(d)(2) because there is diversity of citizenship between the Defendant and at least one member of the purported class, and because the amount in controversy exceeds $5,000,000.  To establish the requisite amount in controversy, Defendant asserts that "[i]f the class were constituted as it is now sought to be by the Plaintiff in his Second Amended Complaint, the amount in controversy would be in excess of $5 million."  In his complaint, Plaintiff does not specify the amount of damages he is seeking, other than to state that the damages exceed $15,000.00.

      Diversity jurisdiction exists where the amount in controversy exceeds $5,000,000 and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any

defendant. 28 U.S.C. § 1332(d)(2). "[T]he removing party bears the burden of establishing jurisdiction." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d. 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

The Court finds that Defendant's vague assertion that the amount in controversy requirement would be satisfied if the class were constituted as Plaintiff is seeking is insufficient to establish the jurisdictional requirement by a preponderance of the evidence. *Tapscott*, 77 F.3d at 1357. Therefore, the Court directs Defendant to show cause in writing on or before July 9, 2007, why this case should not be remanded back to the state court where it was originally filed.

DONE AND ORDERED at Tampa, Florida, this 27th day of June, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record