UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED L. WILLIAMS, II, on behalf of
himself and all others similarly situated,

      Plaintiffs,

v.                                                   Case No. 8:07-cv-977-T-24MSS

HERITAGE OPERATING, L.P.
d/b/a HERITAGE PROPANE, a Delaware
Limited Partnership, as successor
in interest to PEOPLES GAS COMPANY,

      Defendant.
_____/

**<u>ORDER</u>**

      This cause comes before the Court on Plaintiff's Motion for Remand (Doc. No. 15). Defendant has filed a response in opposition (Doc. No. 24).

      On November 22, 2005, Plaintiff Alfred L. Williams II ("Plaintiff") filed a complaint against Heritage Operating, L.P., d/b/a Heritage Propane, as successor in interest to People's Gas Company ("Defendant") in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. In his complaint, Plaintiff alleges that Defendant breached its contract with Plaintiff (and also with others similarly situated) by forcing him to pay a "Tank Rental Fee," when Plaintiff's contract with Defendant was silent as to any such fee.

      On June 7, 2007, Defendant filed its notice of removal to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1453 and 28 U.S.C. § 1332(d)(2) (Doc. No. 1). On June 27, 2007, the Court entered an order directing Defendant to show cause why this case should not be remanded back to the state court where it was originally filed (Doc.

No. 7). On July 9, 2007, Plaintiff filed the instant motion to remand, pursuant to 28 U.S.C. § 1447. On July 19, 2007, Defendant filed its combined response to the Court's order to show cause and Plaintiff's motion to remand.

"On a motion to remand, the removing party bears the burden of establishing jurisdiction." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Because federal courts are courts of limited jurisdiction, "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Plaintiff asserts that remand is appropriate because: (1) Defendant's notice of removal was untimely; (2) Plaintiff's claim is purely a local Florida matter; and (3) Defendant failed to show that the federal Class Action Fairness Act ("CAFA") amount in controversy requirement is met. For the reasons stated herein, the Court finds that Defendant's removal was untimely.[1]

The notice of removal of a civil action or proceeding must be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. *See* 28 U.S.C. § 1446(b). If the claim alleged in the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

---

[1] Since the Court concludes that Defendant's notice of removal was untimely, it is unnecessary to address Plaintiff's other arguments for remand.

On November 22, 2005, Plaintiff filed a class action complaint against Defendant in state court. On January 30, 2006, Defendant filed a motion to dismiss the class action suit, arguing that the instant case was subject to CAFA and should be removed to federal court. On October 31, 2006, the state court entered an order granting in part Defendant's motion to dismiss. On November 27, 2006, Plaintiff filed an amended complaint. Defendant moved to dismiss Plaintiff's amended complaint, and again argued that the case was subject to CAFA and should be removed to federal court. This time the state court denied Defendant's motion to dismiss.

On May 3, 2007, Plaintiff filed another motion to amend his complaint, and provided Defendant with a copy of his motion as well as a copy of the proposed amended complaint. On June 4, 2007, the state court granted Plaintiff's motion to amend. Defendant filed its notice of removal on June 7, 2007.

Plaintiff contends that Defendant's removal is untimely for two reasons: (1) Defendant waived its right to remove by previously arguing in state court (in its motions to dismiss) that the instant case was removable because it was subject to CAFA, but it failed to remove at that time; and (2) the thirty day period for removal began to run on May 3, 2007, the date that Defendant received Plaintiff's motion to amend with the proposed amended complaint attached, and therefore, Defendant failed to file its notice of removal within the thirty day period for removal.

In response to Plaintiff's untimeliness argument based on waiver, Defendant counters that the case could not actually be removed until Plaintiff filed his second amended complaint, which expanded the class of purported plaintiffs, and that it only argued for removal under CAFA in its previous motions to dismiss in an abundance of caution. Defendant further asserts that it did its "duty under Rule 11 by filing the removal in good faith only when the bona fide factual predicate existed, and the case was (finally) procedurally 'ripe' to do so."

The Court notes that Defendant *twice* argued that Plaintiff's claims were subject to

3

CAFA and should therefore be dismissed from the state court.  As such, the application of CAFA was obviously apparent to Defendant upon its reading of Plaintiff's initial and first amended complaints.  The Court finds that Defendant was aware that a basis for removal existed well before Plaintiff filed his second amended complaint, or certainly Defendant would not have made such an argument, in good faith, to the state court.  *See Mobile-One Communications and Electronics, Inc. v. Lazy Days R.V. Center, Inc.*, No. 8:05-Civ-2097-T-27-EAJ, 2006 WL 2189183 at *2 (M.D. Fla. August 1, 2006).  As such, the Court finds that Defendant waived its right to remove.

As to Plaintiff's second argument for untimeliness, Defendant counters that the thirty day period for removal did not begin until June 4, 2007, the day the state court granted Plaintiff's motion to amend the complaint.  In support of its argument, Defendant points to the language of the state court order, which provided that the effective date of Plaintiff's filing of the amended complaint was June 4, 2007, the date the state court entered the order.  While the Court agrees that the effective date of Plaintiff's filing of the amended complaint is June 4, 2007, the Court disagrees that the thirty day period for removal began running on that date.

The time requirements imposed by the removal statute are to be strictly construed. *Martin v. Monarch Life Ins. Co.*, No. 94-1182-Civ-T-17-E, 1995 WL 127163 at *1 (M.D. Fla. March 16, 1995).  "Coupled with the mandatory nature of the time limitations is the fact that the removal statute, and compliance therewith, must be strictly construed in favor of state court jurisdiction and against removal."  *Id.* (citing *Production Stamping Corp. v. Maryland Casualty Co.*, 829 F. Supp. 1074 (E.D. Wis. 1993)).  The language of the removal statute clearly states that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days of receipt by the defendant, *by service or otherwise*, of a *copy* of an amended pleading, *motion*, order or other paper *from which it may first be ascertained* that the case is one

4

which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added). The Court finds that even if Defendant had not already waived its right to removal, Defendant certainly was able to ascertain that the case had become removable by May 3, 2007, when it received Plaintiff's motion to amend. Plaintiff's motion to amend served as a trigger placing Defendant on notice that the thirty day clock had commenced, as demonstrated by the language of the statute. *Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1358 (S.D. Fla. 1998). As such, the Court finds that Defendant's notice of removal filed on June 7, 2007, was untimely.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Remand is GRANTED. The Clerk is directed to remand the instant case to the state court where it was originally filed and to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of September, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record