UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED L. WILLIAMS, II, on behalf of
himself and all others similarly situated,

       Plaintiff,

v.                                                     Case No.  8:07-cv-977-T-24 MSS

HERITAGE OPERATING, L.P., d/b/a
HERITAGE PROPANE, a Delaware Limited
Partnership, as successor in interest to
PEOPLES GAS COMPANY,

       Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion for Reconsideration (Doc. No. 47).  In this motion, Plaintiff asks the Court to reconsider its order granting Plaintiff's motion for remand (Doc. No. 46).

On July 9, 2007, Plaintiff Alfred L. Williams, II, on behalf of himself and all others similarly situated, filed a motion to remand the instant case to the state court where it was originally filed (Doc. No. 15).  On July 19, 2007, Defendant Heritage Operating, L.P., d/b/a Heritage Propane, as sucessor in interest to People's Gas Company, filed its response (Doc. No. 24).  On September 18, 2007, the Court entered an Order granting Plaintiff's motion and remanded this case to the state court where it was originally filed (Doc. No. 46).  On September 20, 2007, Defendant filed the instant motion seeking reconsideration of the Court's order remanding the case, to which Plaintiff responded on September 28, 2007 (Doc. No. 49).

There are three major grounds justifying reconsideration: (1) an intervening change in

controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *See id.* (citations omitted).

Defendant argues that its motion is based on the need to correct clear error or to prevent manifest injustice. Defendant cites to three cases in support of its argument that this Court's decision to remand this case was a clear error or manifestly unjust. However, the Court finds the cases cited by Defendant are factually distinguishable from the instant case, and do not dictate a finding that Defendant met the time requirements for removal, as Defendant suggests. The Court reiterates its findings from the Order remanding this case— first, that Defendant was aware that a basis for removal existed well before Plaintiff filed his second amended complaint, or certainly Defendant would not have argued for CAFA's application as a basis for dismissal, in good faith, *twice* to the state court; and second, that even if Defendant had not already waived its right to removal, Defendant certainly was able to ascertain that the case had become removable when it received Plaintiff's motion to amend with the proposed amended complaint attached.

Upon consideration, the Court is not persuaded by Defendant's argument that removal was timely, or that the Court's order remanding the case was a clear error or manifestly unjust. Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration (Doc. No. 47) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of December, 2007.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge